IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | | |
|---|---|---|
| PAUL GUILIANO, | ) | 1:23-CV-0361-SPB-RAL |
| | ) | |
| Plaintiff | ) | SUSAN PARADISE BAXTER |
| | ) | United States District Judge |
| v. | ) | |
| | ) | RICHARD A. LANZILLO |
| WELLPATH MED. PROVIDER AND | ) | Chief United States Magistrate Judge |
| STAFF, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Defendant | ) | |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.      Recommendation

It is respectfully recommended that this action be dismissed due to Plaintiff's failure to

prosecute.

II.     Report

A.      Background

Plaintiff Paul Guiliano, an inmate incarcerated at the State Correctional Institution at

Albion (SCI-Albion), initiated this civil rights action on December 20, 2023, by filing a motion

for leave to proceed in forma pauperis (IFP).  ECF No. 1.  In the accompanying complaint,

which was lodged but not filed, Plaintiff alleged that Wellpath, the private entity contracted to

provide medical services to inmates at SCI-Albion, failed to provide him with medically

necessary prescription drugs to treat his Opiate Use Disorder.  ECF No. 1-2.  Plaintiff sought

injunctive relief in the form of an Order directing Wellpath to provide him with his preferred

medication.  *Id.*

On January 29, 2024, Plaintiff filed a motion for leave to file an Amended Complaint. ECF No. 4. The Court granted Plaintiff's motion and directed him to file his amended pleading on or before May 10, 2024. ECF No. 5. Plaintiff failed to comply.

Given Plaintiff's failure to respond, the Court issued another Order on June 4, 2024, directing Plaintiff to show cause for his failure to file a timely Amended Complaint or otherwise communicate with the Court. ECF No. 6. The Court cautioned Plaintiff that failure to respond would be construed as a decision to discontinue this action. *Id.* Despite this warning, Plaintiff again failed to respond.

To date, Plaintiff's last action in this case was filing his motion to amend on January 29, 2024. None of the Court's orders since that date have prompted a response. Whether Plaintiff's claims have been intentionally abandoned or simply neglected, a final order dismissing this action is warranted.

B.  Analysis

The Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether a case or claim should be dismissed for failure to prosecute. *See Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. *Id.* at 868. There is no "magic formula" or "mechanical calculation" to determine whether a case should be dismissed for failure to prosecute, *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992), and not all of the six factors

need to weigh in favor of dismissal before dismissal is warranted. *Hicks v. Feeney*, 850 F.2d 152 (3d Cir. 1988). Rather, the court must "properly consider and balance" each of the six factors based on the record. *See Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. 2019) (citing *Poulis*, 747 F.2d at 868).

As recently emphasized by the Court of Appeals, "dismissal with prejudice is an 'extreme' sanction" that should be employed as a "last, not first, resort." *Hildebrand*, 2019 WL 1783540, at *3 (quoting *Nat'l Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 643 (1976), and *Poulis*, 747 F.2d at 867, 869). Close calls should "be resolved in favor of reaching a decision on the merits." *Id.* (citing *Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 870 (3d Cir. 1994)). Nevertheless, the Court of Appeals "has not hesitated to affirm the district court's imposition of sanctions, including dismissals in appropriate cases." *Id.* (citing *Poulis*, 747 F.2d at 867 n. 1).

Turning to the first *Poulis* factor, the Court must consider the extent to which the dilatory party is personally responsible for the sanctionable conduct. *See Adams*, 29 F.3d at 873 ("[I]n determining whether dismissal is appropriate, we look to whether the party bears personal responsibility for the action or inaction which led to the dismissal."). Because Plaintiff is proceeding pro se, he is solely responsible for his own conduct, including his failure to respond to multiple orders from the Court. *See, e.g.*, *Colon v. Karnes*, 2012 WL 383666, at *3 (M.D. Pa. Feb. 6, 2012) ("Plaintiff is proceeding pro se, and thus is responsible for his own actions."). This factor weighs heavily in favor of dismissal.

The second *Poulis* factor assesses whether the adverse party has suffered prejudice because of the dilatory party's behavior. Relevant concerns include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories[,] the excessive and possibly

irremediable burdens or costs imposed on the opposing party," *Adams*, 29 F.3d at 874, and "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Ware v. Rodale Press, Inc*., 322 F.3d 218, 222 (3d Cir. 2003). Although this factor does not weigh heavily here, the Court notes that Plaintiff's "failure to communicate with the Court and continued inaction frustrates and delays resolution of this action" by preventing Defendant from receiving a timely adjudication of his claims. *See Mack v. United States*, 2019 WL 1302626, at *1 (M.D. Pa. Mar. 21, 2019) ("[F]ailure to communicate clearly prejudices the Defendants who seek a timely resolution of the case.").

The third *Poulis* factor also weighs in favor of dismissal. Plaintiff has failed to engage with the Court or take the necessary actions to pursue his claims. Despite being warned that failure to comply with orders from the Court would result in a recommendation that this matter be dismissed for failure to prosecute, Plaintiff disregarded each of the Court's Orders. This conduct is enough to establish a history of dilatoriness. *See Mack*, 2019 WL 1302626, at *2 ("Mack has established a history of dilatoriness through his failure to notify the Court of his whereabouts and failure to comply with Court Orders and rules.").

With respect to the fourth *Poulis* factor, "[w]illfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 874. While it is difficult to evaluate willfulness on the limited record available, there is nothing on the docket to suggest that Plaintiff is not receiving the Court's orders, nor has he offered any explanation for his failure to respond. Under such circumstances, the Court must conclude that Plaintiff has abandoned his case.

The fifth factor addresses the effectiveness of sanctions other than dismissal. *Poulis*, 747 F.2d at 869. It is well-established that alternative, monetary sanctions are ineffective where the Plaintiff is indigent. *See*, *e.g*., *Brennan v. Clouse*, 2012 WL 876228, at *3 (W.D. Pa. Mar. 14,

4

2012) ("Alternative sanctions, such as monetary penalties, are inappropriate as sanctions with indigent pro se parties.") (citing *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002)). Moreover, alternative sanctions are unlikely to be effective against a party who refuses to communicate with the Court. *Mack*, 2019 WL 1302626, at *2 (noting that the court was "incapable of imposing a lesser sanction" on a plaintiff who refused to participate in his own lawsuit). As such, this factor weighs heavily in favor of dismissal.

Finally, the Court must consider the potential merit of Plaintiff's claims. A claim will be deemed meritorious "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." *Poulis*, 747 F.2d at 869-70. In this case, Plaintiff asserts a medical indifference claim based on the failure to provide necessary prescription medications. While this allegation appears to have facial merit, Plaintiff has neither identified the individual personally responsible for the alleged deprivation nor pled facts suggesting that the deprivation stemmed from a policy, practice, or custom, as would be necessary to prevail against Wellpath. On the limited record at hand, this factor appears to be neutral.

On balance, the Court concludes that five of the six *Poulis* factors heavily support dismissal, with one factor being neutral. While the Court is mindful of this Circuit's strong policy in favor of deciding cases on the merits, such a resolution is impossible where the plaintiff declines to participate in his own lawsuit. Consequently, the Court concludes that the extreme sanction of dismissal is supported by the *Poulis* factors and the record at hand.

III.    Conclusion

For the reasons set forth above, it is respectfully recommended that this action be dismissed without prejudice due to Plaintiff's failure to prosecute.

IV.    Notice

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen days.  Any party opposing the objections shall have fourteen days to respond thereto. *See* Fed. R. Civ. P. 72(b)(2).  Failure to file timely objections may constitute a waiver of appellate rights.  *See Brightwell v. Lehman*, 637 F.3d 187, 194 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

Dated this 30th day of August, 2024.

SUBMITTED BY:

_____
RICHARD A. LANZILLO
Chief United States Magistrate Judge